MORGAN, LEWIS & BOCKIUS LLP
JOSEPH DUFFY, State Bar No. 241854
jduffy@morganlewis.com
MONIQUE E. CHO, State Bar No. 251949
mcho@morganlewis.com
300 South Grand Avenue
Twenty-Second Floor
Los Angeles, CA  90071-3132
Tel:   213.612.2500
Fax:  213.612.2501

Attorneys for Plaintiff
FEDEX GROUND PACKAGE SYSTEM, INC.

SCHAFFER, LAX, MCNAUGHTON & CHEN, A Professional Corporation
JILL A. FRANKLIN, State Bar No. 128280
franklinj@slmclaw.com
515 South Figueroa Street, Suite 1400
Los Angeles, CA 90071
Tel:  213.337.1000
Fax: 213.337.1010

Attorneys for Defendant
BLACKHAWK MANUFACTURING, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDEX GROUND PACKAGE SYSTEM, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>vs.<br><br>BLACKHAWK MANUFACTURING, INC., a California Corporation,,<br><br>Defendant. | Case No. CV11-06893-ODW(OPx)<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>DISCOVERY MATTER<br><br>Crtrm: 11<br>Judge:  Hon. Otis D. Wright II<br>Magistrate Judge: Hon. Oswald Parada |

The following Protective Order is hereby stipulated to by and between Plaintiff FedEx Ground Package System, Inc. ("FedEx Ground") and Defendant Blackhawk Manufacturing, Inc. ("Blackhawk").

WHEREAS, the parties anticipate that discovery in the above-entitled action will encompass sensitive, confidential or proprietary information and documents that are sensitive, confidential or proprietary in nature;

WHEREAS, in the absence of a protective order, the parties' sensitive, confidential or proprietary information may be subject to disclosure in this litigation to the parties' detriment;

WHEREAS, the parties' exchange of documents and information will be facilitated by the Court entering this Protective Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.	This Protective Order shall govern all documents, discovery materials, or any designated record of information produced in this action, including all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents, and other discovery materials (whether produced informally or in response to interrogatories, requests for admissions, requests for production of documents, or other formal method of discovery) produced within the context of this action.

2.	Either party hereto may designate information as "CONFIDENTIAL," pursuant to the terms of this Protective Order, if that party in good faith believes that such information constitutes, contains or reflects proprietary or commercially sensitive information. All information, including without limitation all copies, excerpts, analyses, reports, notes or summaries based upon or derived from any information that has been designated as CONFIDENTIAL, shall be considered to be CONFIDENTIAL.

3.	CONFIDENTIAL information or items shall mean any information that the designating party in good faith believes is properly protected under Fed. R.

Civ. P. 26(c), and which is properly designated as "CONFIDENTIAL" according to the procedures set forth in Paragraph 5 of this Protective Order.

4. Documents and information designated as CONFIDENTIAL shall include: (a) all copies, extracts, and complete or partial summaries prepared from such documents or information; (b) portions of deposition transcripts and exhibits that contain or reflect the content of any such documents, copies, extracts, or summaries; (c) portions of briefs, memoranda, or any other writing filed with the Court and exhibits that contain or reflect the content of any such documents, copies, extracts, or summaries, and (d) deposition testimony.

5. After the date of this Protective Order, to designate any information or documents as CONFIDENTIAL, such that the information or documents are protected under this Protective Order, either party shall:

(a) In the case of documents, mark such document, or portions of such document, "CONFIDENTIAL" at or prior to the time it is produced or otherwise made available by one party hereto to the other party hereto, or as soon as is practicable thereafter.

(b) In the case of responses to particular interrogatories, requests for admissions or requests for production of documents made after the date of this Protective Order, any CONFIDENTIAL material in such responses shall be set forth in a separate document containing a statement to the effect that "THIS RESPONSE CONTAINS CONFIDENTIAL MATERIAL," and the legend "CONFIDENTIAL, SUBJECT TO COURT ORDER," shall be placed on each page of any such set of responses.  CONFIDENTIAL portions of such responses made prior to the date of this Protective Order may be designated as CONFIDENTIAL.

6. All information, including without limitation all documents, designated as CONFIDENTIAL shall be used solely in this action, and not be disclosed in any manner to anyone other than the following:

   (a) counsel (including in-house counsel) who are actively engaged in the prosecution or defense of this action; the employees or agents of such counsel assisting in the conduct of this action; the parties to the action; and, where necessary, partners, employees, or agents of parties to the action;

   (b) bona fide experts assisting counsel in the prosecution or defense of this action, whether categorized as "testifying" or "consulting," whom the attorneys represent have been specifically instructed not to discuss or disclose information that has been designated CONFIDENTIAL other than with counsel of record;

   (c) witnesses and their counsel in this action where deemed necessary by counsel to assist in the prosecution or defense of this action;

   (d) the Court;

   (e) court reporters, court personnel, interpreters, translators, copy services, graphic support services, document imaging services, and database/coding services retained by counsel; and

   (f) other persons only in accordance with paragraph 9 of this Protective Order.

  7. Each person to whom information designated as CONFIDENTIAL is disclosed, and who are signatories to the Protective Order or have executed a Non-Disclosure Certificate (Exhibit A), shall be bound by the terms of this Protective Order.

  8. Prior to disclosure of any information designated as CONFIDENTIAL under this Protective Order, each person to whom such information is to be disclosed (excluding the Court, court personnel, counsel of record and legal assistants, in-house counsel, or other law firm or law department employees working under their supervision in this action), shall agree to be bound by the terms of this Protective Order, and consent to be subject to the personal jurisdiction of the United States District Court for the Central District of California for any proceeding

relating to enforcement of this Protective Order by executing the form attached hereto as Exhibit "A."  Counsel shall maintain all such executed forms on file throughout the pendency of this action.

9.     In the event that counsel for either party determines that this action requires that any CONFIDENTIAL DOCUMENTS or information be disclosed to persons not otherwise authorized herein, such counsel shall provide counsel for the party that produced or otherwise made available such information written notice of the intended disclosure (which notice shall specify with particularity the information to be disclosed and the identity, including name, title and employer, of the otherwise unauthorized person) not less than ten (10) calendar days prior to disclosure, or such shorter period as is agreeable to the party that produced such material.  If within four (4) calendar days of receipt of such notice, counsel for the party that produced or otherwise made available such information objects in writing via facsimile or e-mail to such disclosure to the counsel giving notice, the information shall not be disclosed unless the Court so orders.  The party seeking disclosure of the CONFIDENTIAL documents must seek the necessary relief from the Court.

10.    Each person to whom any information subject to this Protective Order is disclosed, and who is a signatory to the Stipulation for Protective Order or who has executed a Non-Disclosure Certificate, is hereby prohibited from divulging such materials or any information contained therein or from exploiting in any way such material or information for his or her own economic benefit or business purposes.

11.    If, for any reason, any CONFIDENTIAL documents are to be filed with the Court, such documents shall be filed in accordance with Central District Local Rules 79-5.1 through 79-5.4.  At the conclusion of this case, any materials filed with the Court under seal shall be kept under seal or be returned for disposition as provided in Paragraph 14.

12. If any party wishes to challenge the designation of any information, document or discovery response designated as CONFIDENTIAL, it shall meet and confer with the designating party to resolve the dispute pursuant to Central District Local Rule 37-1. If the parties are unable to resolve the dispute, the parties shall file a written joint stipulation containing all issues in dispute, which will be prepared in conformity with Central District Local Rules 37-2.1 and 37-2.2. The moving party may then move for a determination as to whether the document or other information in question warrants protection as a CONFIDENTIAL matter. The moving party's stipulation or declaration describing how the opposing party failed to cooperate in formulating the stipulation must be timely filed pursuant to Central District Local Rule 37-2.4. Nothing in this Protective Order affects or alters the burden on the designating party to establish the propriety of confidential treatment for any information or document designated as CONFIDENTIAL.

13. This Protective Order shall have no effect on any information or documents already lawfully in the possession of either party.

14. Within sixty (60) days after final disposition of this action, the parties and all signatories to the Non-Disclosure Certificate shall destroy or return to the person producing the material all documents designated as CONFIDENTIAL, and all copies thereof, including excerpts and extracts (excluding excerpts or extracts incorporated into any privileged memoranda), except for such material which has become part of the record in the action. The parties must certify the destruction of CONFIDENTIAL material in writing. The Court will retain jurisdiction to enforce compliance with this provision.

15. The inadvertent or unintentional disclosure of documents containing CONFIDENTIAL information, regardless of whether the documents or information was so designated at the time of disclosure, shall not be deemed a waiver, in whole or in part, of a party's claim of confidentiality, either as to the specific information disclosed therein or as to any other information thereto or on the same or related

subject matter.

16. Nothing contained herein shall be constructed as limiting or negating the right of any party hereto to bring a motion to compel discovery, for a protective order, or, upon a showing of good cause, to modify the provisions of this Protective Order.

17. In the event a party is served with a validly issued subpoena from a third party requesting disclosure of CONFIDENTIAL information or material, that party shall immediately notify the party that designated such material as CONFIDENTIAL, and prior to disclosure of any CONFIDENTIAL information or documents, shall allow the designating party sufficient time to object to or move to quash the subpoena.

**IT IS SO ORDERED.**

Dated: 5/23/12        By _____
                          Hon. Oswald Parada, U.S. Magistrate Judge

# EXHIBIT A
# NON-DISCLOSURE CERTIFICATE

I hereby certify my understanding that access to confidential material in this action is provided to me pursuant to the terms and restrictions of the Protective Order approved by The Honorable Otis D. Wright II, District Judge, in the action captioned *FedEx Ground Package System, Inc. v. Blackhawk Manufacturing, Inc.*, United States District Court for the Central District of California, Case No. CV11-06983-ODW(OPx). I have been given a copy of and have read the Protective Order, and I agree to be bound by it. Without limiting the terms of the Protective Order, I specifically understand that confidential material and any information contained in confidential material shall not be used or disclosed to anyone other than in accordance with the Protective Order.

I acknowledge that a violation of this Non-Disclosure Certificate or the Protective Order shall entitle parties to seek both legal and equitable remedies against me and my employer. I submit to the jurisdiction of the United States District Court for the Central District of California, and the judge assigned to the Litigation, for resolution of any and all disputes arising under the Protective Order and this Non-Disclosure Certificate.

Dated: _____

_____
Signature

_____
Name

_____
Title

_____
Address and Telephone Number